UNITED STATES of America, Plaintiff

v.

James K. KASSOUF, Defendant.

No. 1:95CR0199.

United States District Court,
N.D. Ohio,
Eastern Division.

April 2, 1997.

John M. Siegel, Office of U.S. Attorney, Cleveland, OH, for Plaintiff.

Robert J. Rotatori, Sr., Gold, Rotatori, Schwartz & Gibbons, Cleveland, OH, J. Timothy Bender, Roetzel & Andress, Cleveland, OH, for Defendant.

---

*ORDER DENYING DEFENDANT'S MO-*
*TION TO DISMISS COUNTS 1-8 OF*
*THE INDICTMENT AS BARRED BY*
*THE STATUTE OF LIMITATIONS*

WELLS, District Judge.

This case is before the Court on the defendant's motion to dismiss counts 1 through 8 of the indictment as barred by the statute of limitations. For the reasons which follow, the Court denies defendant's motion.

A 26 count indictment was filed against defendant James J. Kassouf on May 8, 1995. Counts 1 through 4 of the indictment charge that Kassouf willfully attempted to evade and defeat income taxes due for calendar years 1987 through 1990 by preparing and filing false individual income tax returns, in violation of 26 U.S.C. § 7201. The government's bill of particulars indicates that overstated net operating losses in 1984, 1985, 1986, and 1989, which were carried over to the 1987 through 1990 returns "are items affecting the computation of Kassouf's correct and unreported income alleged with respect to the attempted tax evasion charges (counts 1 through 4)."

Counts 5 through 8 of the indictment allege that Kassouf made and subscribed individual income tax returns for calendar years 1987 through 1990 which were knowingly false because, among other things, Kassouf claimed a deduction for a carry-over of a net operating loss which was inflated because of falsely overstated losses claimed on tax returns in prior years.

Kassouf asserts counts 1 through 8 should be dismissed to the extent they are based on operating losses carried over from 1984, 1985 and 1986 because these charges are barred by the statute of limitations. The government concedes the statute of limitations has expired with respect to the 1984 to 1986 returns, but asserts new criminal conduct occurred when the defendant claimed a carry-over loss on subsequent returns knowing that the carryover was based on false losses claimed on prior returns.

The parties agree that a six year statute of limitations applies to counts 1 through 8, pursuant to 26 U.S.C. § 6531(2) and (5). The parties also seemingly agree that the statute of limitations has not expired with respect to any allegedly false statements in the 1987 through 1990 returns[1] The only issue is whether criminal charges based on carryover deductions are governed by the statute of limitations for the year in which the deduction initially was created, or whether a new offense occurs (and the statute of limitations begins anew) each time the deduction is carried over.

This question appears to be a matter of first impression in this Circuit. The parties have cited little direct authority from other circuits, and the Court has found no additional authority.

Defendant relies primarily on the district court's decision in *United States v. Mauser*, 723 F.Supp. 995 (S.D.N.Y.1989). In *Mauser*, the government charged that the defendant made false statements on his 1982 and 1983 individual and partnership income tax returns by overstating the market value of property donated to charity. The Court determined the charges were filed within the statute of limitations with respect to the 1982 and 1983 returns. However, the Court found that the 1982 and 1983 returns did not misstate the market value of property as charged in the indictment, but only included a carry-over deduction for charitable donations made in a prior year. Therefore, as a matter of fact, the evidence did not support the charges.

The decision in *Mauser* does not imply that the statute of limitations as to losses carried over to subsequent years is measured from the date the deduction was first claimed. Moreover, the Seventh Circuit's decision in *United States v. Kelley*, 864 F.2d

---

**1.** When the indictment in this case was filed, the six year statute of limitations had expired as to any alleged criminal conduct which occurred before May 8, 1989. However, documents filed in this case indicate that the defendant signed written waivers of his right to assert the statute of limitations with respect to certain offenses. It is unclear whether the defendant signed such a waiver with respect to offenses arising from his 1987 individual income tax return, which was filed before May 8, 1989. Nevertheless, defendant does not assert that the statute of limitations was expired as to offenses arising from this return.

569 (7th Cir.1989) (cited at footnote 7 of the *Mauser* opinion) suggests otherwise. In *Kelley,* the defendant was charged with assisting others to file false tax returns, based on returns filed by his clients in 1980 and 1981. These returns claimed deductions for depreciation expense based on the purchase of a tax shelter investment in 1979. Defendant claimed that any false statement had been made in 1979, and the charges were therefore time-barred. The Court disagreed, finding that:

> An offense occurred each time Kelley's clients, acting pursuant to his advice, filed a tax return claiming the illegal deductions. As previously stated, the whole point of the tax shelter was for investors to claim depreciation deductions for seven years. Kelley's clients were in the process of doing just that, until the government stepped in.

*Kelley,* 864 F.2d at 575.

The Court agrees with the analysis of the Court in Kelley. If the charges against the defendant are true, the intent of the overstated losses in the earlier returns was to create deductions for more than one year. This intent was effected each time the defendant filed another return claiming a deduction based upon the false losses. Therefore, an offense occurred each time a tax return was filed claiming the illegal deduction. *Cf. United States v. Feldman,* 731 F.Supp. 1189 (S.D.N.Y.1990).

Accordingly, defendant's motion to dismiss Counts 1 through 8 based on the statute of limitations is denied.